**Augustine ACOSTA, Petitioner—Appellant,**

v.

**Joe McGRATH, Warden, Respondent—Appellee.**

No. 05–55296.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed Aug. 1, 2006.

Wayne R. Young, Esq., Santa Monica, CA, for Petitioner–Appellant.

Noah P. Hill, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Augustine Acosta appeals from the district court's denial of his petition for habeas corpus. We affirm.

We review the denial of a habeas petition *de novo*. *Landrigan v. Schriro*, 441 F.3d 638, 642 (9th Cir.2006). In reviewing the merits of this petition, we apply the deferential standards of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d). The district court's refusal to hold an evidentiary hearing is reviewed for abuse of discretion. *Landrigan*, 441 F.3d at 642.

Acosta argues that his constitutional rights were violated by the use of physical restraints during trial. There are three basic reasons for the judiciary's "hostility to shackling." *Deck v. Missouri*, 544 U.S. 622, 630, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). First, "[v]isible shackling undermines the presumption of innocence and the related fairness of the factfinding process." *Id.* Second, physical restraints can impede a defendant's ability to participate in his defense. *Id.* at 631, 125 S.Ct. 2007. Third, "[t]he routine use of shackles in the presence of juries would undermine" the dignity of the judicial process. *Id.* To obtain habeas relief based on unconstitutional shackling, a prisoner "must show that the physical restraints 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)) (citation omitted).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In this case, the California Court of Appeal concluded that the restraints were improper but that Acosta had not been prejudiced. Because there is no evidence that Acosta was unable to participate in his defense, nor any evidence that the jurors were aware of his restraints, the Court of Appeal's decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Nor did the Court of Appeal unreasonably apply the law, *id.* § 2254(d)(1), because only *visible* shackling is inherently prejudicial. *See Deck*, 544 U.S. at 635, 125 S.Ct. 2007. We further conclude that Acosta is not entitled to an evidentiary hearing because he made no effort to develop the factual basis of his claim in state court. *See Williams v. Taylor*, 529 U.S. 420, 437, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

We reject Acosta's contention that his due process rights were violated by the lengthy delay between the time of the offenses and his ultimate arrest. The California Court of Appeal found that Acosta suffered no prejudice, and this determination was not unreasonable. Even if Acosta's alibi witnesses had fully corroborated his testimony regarding his whereabouts on February 14 and March 5, 1997, that would not necessarily exonerate him because he could have assaulted Griffin at different times on those dates. Acosta has thus failed to demonstrate "actual prejudice" from the delay. *United States v. Marion*, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

We also reject Acosta's prosecutorial misconduct argument. Habeas relief is only available if "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wain-*

wright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quotation marks omitted). In this case, the California Court of Appeal concluded that Acosta was not prejudiced by the prosecutor's questions. That determination was reasonable. *Cf.* 28 U.S.C. § 2254(d). First, there was only a single incident of misconduct. Second, the trial court eliminated any risk of prejudice by issuing a curative instruction, which the jurors are presumed to follow. *See Francis v. Franklin*, 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).

**AFFIRMED.**